# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-46V
**Filed: December 12, 2014**

| | |
|---|---|
| * * * * * * * * * * * * * * * * | UNPUBLISHED |
| FRED DAMASKE, * | |
| * | Special Master Gowen |
| Petitioner, * | |
| * | Motion for Attorneys' Fees |
| v. * | and Costs; |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * * * | |

Jerome A. Konkel, Samster, Konkel & Safran, S.C., Milwaukee, WI, for petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 17, 2013, Fred Damaske ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on January 22, 2010, he developed Bell's palsy. Petition at ¶¶ 2, 3. On March 13, 2014, the parties filed a stipulation in which they agreed to an award of compensation to petitioner. On March 14, 2014, the undersigned issued a Decision adopting the parties' stipulation for an award.  See Decision on J.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Stip., filed Mar. 14, 2014.

On November 24, 2014, petitioner filed a motion for attorneys' fees and costs. Petitioner requests a total award of attorneys' fees in the amount of $11,481.10 and requests an award of costs in the amount of $842.99. In accordance with General Order #9, petitioner's counsel represents that petitioner did not personally incur costs in pursuit of this claim. See Motion for Fees and Costs, Affidavit of Fred Damaske, filed Nov. 24, 2014. On December 12, 2014, the undersigned's chambers confirmed with respondent's counsel that petitioner's motion for fees is indeed unopposed, and that a decision can be issued on this matter.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's motion, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Jerome A. Konkel, of Samster, Konkel & Safran, S.C., in the amount of $12,324.09.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.